**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CANDACE S. WALTERS,

Plaintiff - Appellant,

v.

ODYSSEY HEALTHCARE
MANAGEMENT LONG TERM
DISABILITY PLAN; ODYSSEY
HEALTHCARE MANAGEMENT LONG
TERM DISABILITY PLAN
ADMINISTRATOR,

Defendants - Appellees.

No. 11-16762

D.C. No. 2:11-cv-00150-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted April 17, 2013[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, GRABER and CHRISTEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Candace S. Walters appeals from the district court's dismissal of her action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's order and remand.

The complaint alleged that Walters submitted a long-term disability claim to Odyssey Healthcare Management Long Term Disability Plan ("Odyssey" or "Plan"). It alleged that Odyssey "refused to process" her claim and that "[a]s a matter of ERISA law and regulations, [she] is deemed to have fully exhausted all administrative remedies required under the Plan."

Odyssey moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Walters "fail[ed] to allege facts sufficient to show that she exhausted the Plan's internal appeal process before filing suit." The district court granted Odyssey's motion without prejudice, giving Walters leave to file an amended complaint. Instead, Walters filed an interlocutory appeal in this court. Because Walters failed to submit an amended complaint, the district judge later filed an order dismissing her case with prejudice.

Walters's complaint alleged that Odyssey refused to process her claim – i.e., that Odyssey failed to make *any* decision on her claim. At this stage in the proceedings, this statement of fact is sufficient to support Walters's legal assertion

2

that she should be deemed to have exhausted her administrative remedies. Accordingly, we reverse the district court's ruling dismissing Walters's case and remand to the district court to permit Odyssey to file an answer to Walters's complaint.

**REVERSED and REMANDED.**